# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 16-0149-WS |
| ) | |
| JOSHUA KYLE GATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's filing styled "Motion under Nunc Pro Tunc" (doc. 30), in which he seeks credit for more than eight months of jail credit that he contends has been improperly denied to him by the Bureau of Prisons.

As the Court understands it, the relevant facts and circumstances are as follows: Defendant, Joshua Kyle Gates, was indicted in this District Court on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), on July 27, 2016. In an Order of Detention (doc. 12) entered on September 7, 2016, Magistrate Judge Bivins noted that Gates was currently in state custody, where he was being held without bond, and ordered that he be detained pending trial. At the time of Gates' guilty plea in this matter on October 19, 2016, this Court ordered that Gates remain in custody pending sentencing. Indeed, the record reflects that Gates was detained in state custody from March 1, 2016 through January 23, 2017, the date of his federal sentencing hearing. The Judgment in a Criminal Case (doc. 27) entered in this matter decreed that Gates was to serve a term of imprisonment of 63 months on the federal conviction, "said term to run concurrently with the custody sentence imposed in the Mobile County Circuit Court Cases, CC16-2169 and CC16-2170."

As set forth in the Judgment, the undersigned's intention at the time of sentencing was for Gates' federal sentence to run concurrently with his custody sentence imposed in the related state-court criminal matters, such that Gates was to receive credit towards his federal sentence for all time in state custody on the two enumerated state cases. In his Motion, however, Gates attaches a "Sentence Monitoring Computation Data" printout indicating that he received jail credit only for the period spanning from March 1, 2016 through May 4, 2016, not through his

federal sentencing date of January 23, 2017. It is unclear what the significance of the May 4, 2016 date might be, or why the Bureau of Prisons might have deemed it appropriate to withhold jail credit to Gates for the period spanning from May 5, 2016 through January 23, 2017. The purpose of Gates' Motion is to request that this Court "correct" his jail credits to encompass the period of time excluded by BOP.

In its present form, Gates' Motion appears to be defective in two critical respects. First, it is well settled that, as a general proposition, "[t]he Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. 3585(b), to compute sentence credit awards after sentencing." *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995). The Eleventh Circuit has summarized applicable law and procedure for defendants in Gates' position in the following terms:

> "In construing 18 U.S.C. § 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. … As a result, a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. … A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."

*United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (citations and internal quotation marks omitted).[1] Second, it is black-letter law that ordinarily § 2241 proceedings must be pursued in the district where the petitioner is being confined, not the district where sentencing occurred. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Diaz v. United States*, 580 Fed.Appx. 716, 717 (11th Cir. Sept. 5, 2014) ("A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated."); *Garcia v. Warden*, 470 Fed.Appx. 735, 736 (11th Cir. Mar. 27, 2012) (as a general proposition, "jurisdiction for § 2241 petitions lies only in the district of confinement").

---

[1] Subsequent decisions have made clear that the exhaustion prerequisite for § 2241 motions is not jurisdictional. *See, e.g., Santiago-Lugo v. Warden*, 785 F.3d 467, 475 n.5 (11th Cir. 2015) ("To the extent that other published decisions of this Circuit have held or stated that exhaustion is a jurisdictional prerequisite to § 2241 relief, they too have been undermined to the point of abrogation.").

What does all of this mean for Gates? For starters, although he represents that he has contacted his correctional facility's records department, Gates has made no showing that he has exhausted his administrative remedies with the federal Bureau of Prisons, much less submitted any written decision from BOP concerning his request for sentence credit awards. Gates cannot skip that step and proceed directly to § 2241 review in federal court under the circumstances presented here. Moreover, because he is confined in federal prison in Coleman, Florida, any § 2241 petition that Gates may submit after exhausting his administrative remedies with the BOP would properly be directed to the U.S. District Court for the Middle District of Florida (his district of incarceration), rather than this District Court.

For the foregoing reasons, defendant's "Motion under Nunc Pro Tunc" (doc. 30) is **denied**, without prejudice to Gates' ability to renew such a motion in an appropriate court upon an appropriate showing at an appropriate time.

DONE and ORDERED this 18th day of October, 2019.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE